UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOHNNY FORSYTH, SR.,**

 Petitioner,

v.              No. 4:22-cv-0860-P

**BOBBY LUMPKIN, DIRECTOR,
TDCJ-CID,**

 Respondent.

## OPINION AND ORDER

 Came on for consideration the petition of Johnny Forsyth, Sr., under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

### BACKGROUND

 Petitioner is serving a three-year sentence for possession of a controlled substance, namely, methamphetamine, of more than one but less than four grams, imposed in Case No. 1666122D in the 396th Judicial District Court, Tarrant County, Texas. ECF No. 3 at 1; ECF No. 14-10 (SHCR-03) at 5–7. He challenges the denial of release to discretionary mandatory supervision ("DMS"), saying that his rights to Due Process were violated. ECF No. 3 at 3.

 On February 17, 2022, Petitioner received notice that he was going to be considered for DMS and that he had thirty days in which to submit any additional information he wanted the Board of Pardons and Paroles to consider in making its decision. ECF No. 13, Ex. A. On May 12, 2022, the Board of Pardons and Paroles denied Petitioner's release to DMS, listing a number of reasons for its decision. ECF No. 4, Ex. B. On May

31, 2022, Petitioner filed his state application for writ of habeas corpus.[1] ECF No. 14-10 (SHCR-03) at 10. On September 7, 2022, the Court of Criminal Appeals of Texas denied the petition without written order on findings of the trial court without hearing and on the Court's independent review of the record. ECF No. 14-11 (SHCR-03) Action Taken.

## APPLICABLE LEGAL STANDARDS

### A.   Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

---

[1] Like Respondent, the Court relies on the date the petition was received for filing, since the petition itself only bore a date of May 2022. ECF No. 14-10 (SHCR-03) at 18.

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.     Mandatory Supervision**

Texas prisoners have a limited liberty interest in release to DMS. *Board of Pardons v. Allen*, 482 U.S. 369, 377 (1987); *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) (*en banc*). That liberty interest entitles an inmate to notice of an upcoming review and a meaningful opportunity to be heard. *Ex parte Retzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). To be meaningful, the notice must be given at least thirty days in advance of the review so that the inmate will have an opportunity to submit any information deemed relevant to the decision. *Id.* A meaningful opportunity to be heard does not require a live hearing. *Geiken*, 28 S.W.3d at 560. If release is denied, due process requires notice of the respect in which the inmate falls short of being granted release. *Id.* It does not require the Board to provide the particulars in the inmate's file upon which it rested its decision. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 15–16 (1979); *Geiken*, 28 S.W.3d at 560.

## ANALYSIS

In this case, the record reflects that Petitioner was given timely notice and an opportunity to submit additional information to the Board before it made its DMS decision in his case. ECF No. 13, Ex. A. And,

Petitioner was given notice of the reasons that he was not granted DMS.[2] ECF No. 4, Ex. B. He received all the process he was due.

## CONCLUSION

For the reasons discussed, the petition is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **12th day** of **January 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner complains that the notice of decision erroneously states that only one component of the list of reasons was required to support the denial, whereas the statute governing DMS requires that it be granted unless (1) the inmate's accrued good conduct time was not an accurate reflection of his potential for rehabilitation and (2) the inmate's release would endanger the public. ECF No. 4 at 11 (quoting TEX. GOV'T CODE § 508.149 (b)(1)-(2)). Both of those factors were found in his case.